Cite as 2022 Ark. App. 350

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-20-387

| | |
|---|---|
| JOSHUA MILLER | Opinion Delivered September 21, 2022 |
| APPELLANT | |
| V. | APPEAL FROM THE BAXTER COUNTY CIRCUIT COURT [NO. 03CR-19-129] |
| STATE OF ARKANSAS | HONORABLE JOHN R. PUTMAN, JUDGE |
| APPELLEE | |
| | AFFIRMED |

**MIKE MURPHY, Judge**

This is a companion case to *Miller v. State*, 2022 Ark. App. 351, being handed down today. This appeal concerns the underlying case number 03CR-19-129 wherein Miller was convicted of possession of drug paraphernalia. On appeal, Miller argues that substantial evidence did not support his conviction. We affirm.

The search of Miller's residence described in the companion case was conducted by campus police and the Baxter County Sheriff's Office. Deputy Trey Eddings testified that, along with the missing files, illegal drugs and drug paraphernalia were discovered in the search of the residence. Methamphetamine was found in a shared bedroom of the home. Other drugs and paraphernalia were found in an area of the living room, which Eddings characterized as a "drug-processing" area. Among other items discovered in the drug-

processing area of the home was a round mirror with residue on it. Eddings testified that a sample of a white powder found in the same area was scraped into a vial and subsequently confirmed to contain aspirin, acetaminophen, and caffeine—the equivalent to Excedrin. Eddings testified that in his experience, this powdered mix is commonly used to dilute methamphetamine.

Eddings also testified that, subsequent to his arrest, Miller was searched, and a package wrapped in electrical tape was retrieved from his rectum. Eddings took custody of the package, which was taken to the Arkansas State Crime Laboratory. The package contained marijuana and a number of prescription pills identified as Seroquel.

At the close of the State's case-in-chief, Miller moved for a directed verdict. Miller's directed-verdict motions were denied. When the defense rested, Miller renewed his directed-verdict motions, which again were denied.

Motions for directed verdict are treated as challenges to the sufficiency of the evidence. *Brown v. State*, 2020 Ark. App. 198, at 3–4, 595 S.W.3d 456, 459. When reviewing the denial of a directed-verdict motion, the appellate court will look at the evidence in the light most favorable to the State, considering only the evidence that supports the judgment or verdict and will affirm if there is substantial evidence to support the verdict. *Id.* Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion without resorting to speculation or conjecture. *Id.* Evidence is sufficient to support a verdict if it is forceful enough to compel a conclusion one way or the other. *Id.*

Miller argues that the State failed to meet its burden of proving that he possessed drug paraphernalia. Arkansas Code Annotated section 5-64-443 (Supp. 2021) provides that a person who possesses drug paraphernalia with the purpose to use the drug paraphernalia to inject, ingest, inhale, or otherwise introduce into the human body a controlled substance is guilty of a Class D felony if the controlled substance is methamphetamine.

Specifically, Miller argues that the State failed to prove that the mirror seized from the drug-processing area in his living room was used for the purpose of introducing controlled substances into the body. Miller's argument below was that there was no testimony or proof that there was anything unlawful on the mirror. Residue was found on the mirror, but Miller pointed out that because the mirror residue was not tested, it could have been Excedrin and not methamphetamine. This is different from the argument he now makes that the State failed to prove that the mirror had any connection with the introduction of a controlled substance into a human body. Thus, Miller failed to preserve the argument for appellate review.

Affirmed.

VAUGHT and BROWN, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.